CASE 13—PETITION ORDINARY—JUNE 13.

## Huffman vs. Rout.

APPEAL FROM ANDERSON CIRCUIT COURT.

One to whom an apprentice is bound by order of a county court, who hires such apprentice for a part of the term to another, cannot recover upon a covenant executed by the latter in consideration of such services. The covenant is void, being against public policy and in violation of the statute. (*Rev. Stat., sec. 6, page 466.*)

W. W. PENNY, for appellant, cited 3 *Dana*, 221–2.

DRAFFIN, for appellee, cited 3 *Mar.*, 299; *Rev. Stat.*, 466; 11 *B. Mon.*, 62.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

Huffman sued Rout on a covenant executed by the latter to the former, for the payment of $120 for the hire of Ben. Hall, who had been previously bound as an apprentice to Huffman, by an order of the Anderson county court.

The matters of defense relied upon by Rout were: 1. That the covenant sued on was void; and 2. That Hall, the ap-

prentice, had recovered a judgment against him for the value of the services for which the covenant had been executed.

The law and facts having been submitted to the court, judgment was rendered dismissing the petition; and from that judgment Huffman has appealed.

The judgment was unquestionably right. The contract sought to be enforced in this action is not only against public policy, but is in direct violation of an express statute, which declares that "no person to whom a child shall be bound shall have the right to take or send such child out of this State, *nor to sell his term of service, or any part thereof*, to any other person, nor to give another person the right to control such child." (*Revised Statutes, sec.* 6, *page* 466.)

Under this statute, the entire consideration upon which the covenant was executed is illegal. And it is a well settled principle, that where the consideration is altogether illegal, it is insufficient to sustain a promise, and the agreement is wholly void.

Whether Rout is liable to the apprentice, or to any one else, for the value of the services rendered by the latter, is a question which the record does not present, and which we do not, therefore, decide. The only point necessary to be determined is, that the contract by which Huffman sold, in effect, a part of the term of service of his apprentice, and placed him, for the time being, under the control of another person, is expressly prohibited by law, and that Huffman cannot recover upon such contract.

The judgment is affirmed.